UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISM DATA TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOMOCREDIT, INC.,<br><br>Defendant. | Case No.:  24-cv-2300-RSH-MMP<br><br>**ORDER (1) DENYING MOTIONS TO SEAL AND (2) DENYING REQUEST TO FILE SURREPLY**<br><br>[ECF Nos. 47, 49, 53, 55, 57] |

Pending before the Court are: (1) motions to seal filed by the Parties in connection with briefing on the motion by plaintiff Prism Data Technologies, Inc. ("Prism") to enforce a settlement agreement; and (2) a motion by defendant TomoCredit, Inc. ("Tomo") for leave to file a sur-reply in opposition to that same motion to enforce. As set forth below, the Court denies the motions.

## I.    BACKGROUND

On December 10, 2024, Prism filed this lawsuit against Tomo, bringing claims for trademark infringement and unfair competition. ECF No. 1. On February 10, 2025, Tomo filed its answer. ECF No. 6. On April 17, 2025, Tomo filed an amended answer with counterclaims seeking cancellation of Prism's trademark registration and a declaration that the mark is invalid. ECF No. 17. Prism moved to dismiss the counterclaims. ECF No. 21.

The Parties thereafter engaged in extensive settlement discussions before U.S. Magistrate Judge Michelle M. Pettit. On June 2, 2025, Judge Pettit advised by minute order that "[o]n May 23, 2025, the Court held a continued Early Neutral Evaluation (ENE) followed by the delivery of a mediator's proposal that was accepted by all parties by the May 30, 2025 deadline. The Parties are now in the process of finalizing their settlement." ECF No. 28. On July 30, 2025, Judge Pettit further advised that the Parties "have requested a conference regarding disagreement of the settlement terms discussed at the Court's Early Neutral Evaluation." ECF No. 32. Following numerous further conferences, Judge Pettit set a scheduling order for Prism to file a motion to enforce a settlement agreement. ECF No. 40.

On January 16, 2026, Prism filed its motion to enforce. ECF No. 46. Tomo timely filed a response, and Prism a reply. ECF Nos. 51, 52. On February 19, 2026, Tomo filed a motion requesting leave to file a sur-reply, attaching a copy of the proposed sur-reply brief. ECF No. 57.

In connection with each of the four briefs, the Parties have filed motions to seal. ECF Nos. 47, 49, 53, 55. The first of these motions to seal, filed by Prism, seeks to redact references to or discussion of the terms of the alleged settlement agreement, on the grounds that the "public disclosure of the terms … could result in injury to Prism by unilaterally constituting a breach of the agreement and, potentially, orders of the Court." ECF No. 47 at 5-6. Prism acknowledged the strong presumption in favor of access to public records, and stated that the redacted material did not contain trade secrets. *Id.* at 6. Prism further stated that "while it has no interest in breaching promises it made to the defendant and the Court, or violating instructions expressly stated on transcripts, the documents should be filed under seal only either: unless and until (1) the defendant in this action sufficiently explains why and to what extent they should remain sealed; or (2) the Court determines *sua sponte* that the documents subject to this Application should be filed publicly and in full in light of the presumptive right of public access to court records." *Id.* at 7.

24-cv-2300-RSH-MMP

Tomo did not respond to Prism's motion to seal, but filed its own motion to seal in connection with its opposition brief to Prism's motion to enforce. ECF No. 49. Tomo's motion to seal sought to redact similar material, citing the confidentiality term, and urging that "public disclosure of the terms contained therein could result in injury to the parties by making it impossible later to enter into a settlement agreement whose terms are confidential." *Id.* at 6. Tomo further noted that the information under seal relates to the proceedings of early neutral evaluation conferences that, as provided Civil Local Rule 16.1(c)(1)(B), "will be informal, off the record, privileged, and confidential." *Id.* Tomo argued that "[i]t would undermine the policy of this Court with respect to the ENE procedure if transcripts and documents exchanged pursuant to the proceedings of an ENE were made available in a public filing." *Id.*

The Parties' subsequent motions to seal—filed by Prism in connection with its reply brief, and by Tomo in connection with its motion for leave to file a sur-reply brief—advanced the same rationales as those previously offered by each Party. ECF Nos. 53, 55.

## II.    MOTIONS TO SEAL

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To overcome this presumption of access, a party must show either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates.

*Id.* at 1096-97. The Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Id.* at 1100–01 ("[O]ur circuit looks past the literal dispositive/nondispositive label."). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* If the motion is "more than tangentially related to the merits of a case," the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096-99. Otherwise, a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). "[T]he 'compelling reasons standard applies to most judicial records.'" *Ctr. for Auto Safety*, 809 F.3d at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)).

Here, the Parties are in agreement that the "compelling reasons" standard applies to Prism's motion to enforce the settlement agreement. *See* ECF No. 47 at 6 (Prism's motion to seal); ECF No. 49 at 3 (Tomo's motion to seal). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1180 (citing *Foltz*, 331 F.3d at 1136). Once a party articulates their compelling reasons, "[t]he court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

"Trial courts have authority . . . to protect confidential settlement agreements." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2015 WL 1534003, at *3 (N.D. Cal. Apr. 2, 2015). But "[p]roffering only the fact that the parties

agreed to keep the settlement agreement confidential is an insufficient basis for the Court to seal a court record." *Gagliolo v. Kaweah Manor, Inc.*, Case No. 1:20-cv-01719-NONE-SAB, 2021 WL 1549687, at *5 (E.D. Cal. Apr. 20, 2021); *see also Ambrosino v. Home Depot U.S.A., Inc.*, Civil No. 11cv1319 L(MDD), 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) ("[T]he parties contend that the agreement should be filed under seal because they agree that it should be. This is woefully insufficient to meet the parties' burden.")

Here, neither Party wishes to run afoul of a confidentiality term contained in a settlement agreement, or a local rule governing confidentiality of early neutral evaluation conferences. The Court acknowledges the caution undertaken by the Parties in this regard. However, neither Party has presented compelling reasons to seal the material at issue here. Neither Party identifies any harm or risk of harm—of any kind, even hypothetical or conjectural—that would result from the Court's denial of the motion. The Parties have not overcome the strong presumption in favor of public access to judicial records. The motions to seal are therefore denied.

## III.    MOTION FOR LEAVE TO FILE SUR-REPLY

Tomo moves to file a two-page sur-reply, in order "to respond to a single assertion made by Plaintiff in its Reply." ECF No. 57 at 1. Tomo's proposed sur-reply does not contain any additional factual material or legal authority, but instead offers further argument as to how a certain provision, contained in a draft of the settlement agreement, should be characterized. In short, Tomo simply seeks to have the last word. This is not a valid basis for a sur-reply, and the Court is able to understand the issues in dispute without further clarification from Tomo's sur-reply. Tomo's request is therefore denied.

//

//

//

//

//

//

24-cv-2300-RSH-MMP

## IV.  CONCLUSION

For the foregoing reasons, the Parties' motions to seal [ECF Nos. 47, 49, 53, 55] are **DENIED**. Within *five (5) days* of this order, the Parties shall file on the docket unredacted versions of their briefing and exhibits.

Tomo's motion to file a sur-reply brief [ECF No. 57] is **DENIED**. No further briefing on the motion to enforce will be accepted unless ordered by the Court.

**IT IS SO ORDERED**.

Dated: February 20, 2026

_____
Hon. Robert S. Huie
United States District Judge

24-cv-2300-RSH-MMP